UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILE DIVISION
1:13-cv-126-RJC

| | |
|---|---|
| ROBERT MICHAEL PHILLIPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JAMES MARSH, ) | |
| Haywood County Sheriff's Dept. Detective, ) | **ORDER** |
| MATTHEW BECK, Haywood County ) | |
| Sheriff's Dept. Detective, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1), and on Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2).

**I.      BACKGROUND**

Pro se Plaintiff Robert Michael Phillipson is a state court inmate currently incarcerated at Haywood County Detention Center in Waynesville, North Carolina. In the Complaint, filed on May 3, 2013, pursuant to 42 U.S.C. § 1983, Plaintiff has named as Defendants James Marsh and Matthew Beck, both alleged to be Haywood County Sheriff's Department Detectives. See (Doc. No. 1). In the Complaint, Plaintiff alleges the following facts against Defendants Marsh and Beck:

> On February 8, 2012 at 3:41 pm I was arrested in Franklin, N.C. (Macon County) at my job at Shaw Industries by Haywood County Detectives Marsh and Beck. Marsh states in his case notes "I arrested him." I was then placed in a Haywood County unmarked unit by Marsh. Det. Beck drove Det. Marsh rode in passenger

-1-

seat. We arrived at Haywood County Sheriff's Dept. Interrogation started at 4:32 p.m. til 5:06 p.m. The arrest report states I was arrested at 5:00 pm, at Shaw Industries in Franklin, NC by Det. Beck. I was confined in Haywood County D.O.C. at 5:00 p.m. and released at 5:30 p.m. all this by Det. Beck who appears on the arrest report several times including as his own supervisor. The trip from Franklin N.C. to Haywood County N.C. is 45 min. or more. Det. Marsh and Beck cussed me, badgered me, and showed extreme prejudice toward me during the interrogation. They falsified reports and even the arrest warrants. I still don't have a copy of the affidavits that got my warrants, nor are the warrants [sic] have a real signature, just a printed name.

Marsh set my bond a[t] $175,000.00 violation of U.S. Const. amend 8. Marsh is using Buncombe County D.S.S. investigation of a different time and place as his investigation in my case, violat[ing] [the Sixth Amendment to the U.S. Constitution]. When Back confined me to Haywood County jail under false imprisonment, violated [the Fifth and Fourteenth Amendments to the U.S. Constitution]. This case includes the violations of several state laws. I was arrested in Macon County by Haywood County and taken to Haywood County, crossing two different county lines. This violates my first appearance rights, G.S. 15A-601(E). Marsh and Beck traveled onto private property outside Haywood County control, violating G.S. 15A-402(13)(E). At the bottom of the arrest warrant it states a list of evidence given under oath. I did not receive a copy of said list. Violates G.S. G.S 1-411, 1-414. The magistrate name is printed, where it plainly states signature, violates G.S. 80-34, 8-35. When they failed to take me to Macon County Jail first, the[y] violated G.S. 15A-723. Det. Marsh has been known to commit perjury, North Carolina, Haywood County vs. Michael Morrow (2013), and Det. Marsh went on Gordon Campbell's facebook in 20011 and apologized for being incompetent. Det. Marsh went on the stand under oath and willingly admitted to lying on his reports.

(Doc. No. 1 at 5). In his prayer for relief, Plaintiff seeks "immediate termination of [Defendants'] jobs. A review of all their current and prior cases by a higher court. Stricter rules of supervision of cases. $100,000 a day since I've been arrested paid by the county for loss of life, liberty, property, and mental abuse." (Id. at 4).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious

[or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, Section 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Court first considers Plaintiff's motion to proceed in forma pauperis. On May 7, 2013, the Court entered an Order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 4). To this extent, Plaintiff's application to proceed in forma pauperis shall be granted.

Plaintiff alleges various state and federal constitutional claims against Defendants Beck and Marsh arising out of Plaintiff's arrest on state criminal charges on February 18, 2012. A Westlaw search indicates that Plaintiff has had state criminal charges pending against him since February 18, 2012, the day that he was arrested. Furthermore, according to the docket report,

Plaintiff is still being detained at the Haywood County Detention Center.[1]  Thus, there are clearly ongoing, state criminal proceedings against Plaintiff, and the claims he raises here are related to the pending criminal charges against him.  Because it is not the province of the federal courts to interfere with ongoing state criminal proceedings, the Court will abstain from addressing Plaintiff's claims in this lawsuit until the ongoing state court proceedings are over.[2]  See Younger v. Harris, 401 U.S. 37 (1971).  To this extent, the Court will dismiss this action without prejudice.

IV. **CONCLUSION**

For the reasons stated herein, the Court will dismiss this action without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), has been ruled upon by the Clerk of Court through an Order entered May 7, 2013. (Doc. No. 4).

2. This action is **DISMISSED** without prejudice to Plaintiff to refile when the ongoing state court proceedings are over.

Signed: June 10, 2013

Robert J. Conrad, Jr.
United States District Judge

---

[1] Moreover, another § 1983 action filed by Plaintiff he is still being held at the Haywood County Detention Center. See Phillipson v. Bryson, 1:13cv136-RJC (W.D.N.C.).

[2] Abstention under Younger is appropriate when: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Md. Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).  All of the requirements are met for Younger abstention in this lawsuit.